FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

*2015 JUN -3 PM 2: 55*

*MIDDLE US DISTRICT COURT*
*OF DISTRICT OF FLORIDA*
*ORLANDO, FLORIDA*

JOAN ELSEBOUGH,
an individual,

Case No.: 6:15-cv-897-Orl-28-TBS

Plaintiff,

v.

CLUB LAND'OR (NASSAU) LIMITED,
a foreign corporation,

Defendant.

_____/

## VERIFIED COMPLAINT

**COMES NOW,** Plaintiff, JOAN ELSEBOUGH (hereinafter, "Plaintiff"), by and through

the undersigned counsel, and hereby sues Defendant, CLUB LAND'OR (NASSAU) LIMITED

(hereinafter, "Defendant"). In support thereof, Plaintiff alleges:

## PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's

violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes

(hereinafter, the "FCCPA"), the Telephone Consumer Protection Act, 47 United States Code,

Section 227 (hereinafter, the "TCPA"), and for declaratory and injunctive relief in equity.

## JURISDICTION. VENUE, & PARTIES

1.      Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3),

28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims

pursuant to 28 United States Code, Section 1367.  Declaratory relief is available pursuant to 28

United States Code, Sections 2201 and 2202.

2.      Jurisdiction and venue for purposes of this action are conferred by Florida

Statutes, Sections 559.77 and 26.012, as well as 15 United States Code, Section 1692k(d).

1

3.      At all material times herein, the conduct of Defendant, complained of below, occurred in Osceola County, Florida.

4.      At all material times herein, Plaintiff is an individual residing in Osceola County, Florida.

5.      Defendant, Club Land'or (Nassau) Limited is a foreign corporation engaged in business in the State of Florida with its principal place of business located at 2120 Staples Mill Road Suite 300, Richmond, Virginia 23230 that, through itself and its subsidiaries, regularly assesses and collects timeshare accounts, fees, and associated consumer debts in the State of Florida.

## GENERAL ALLEGATIONS

6.      At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

7.      At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

8.      At all material times herein, Defendant attempted to collect a debt, including but not limited to, timeshare maintenance fees, mortgage balance, late fees, and taxes associated with Plaintiff's account number ending in XXX42 (hereinafter, the "Debt").

9.      At all material times herein, the Debt is a consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household, or family use.

10.     At all material times herein, the Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11.     At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

12.     At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

13.     All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

14.     Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone number XXX.XXX.2205 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

15.     Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number XXX.XXX.2205.

16.     On or about February 17, 2014, Plaintiff retained the Finn Law Group, P.A. (hereinafter, "FLG") for representation with regard to the Debt.

17.     On or about March 4, 2014, FLG sent Defendant a certified letter which provided Defendant actual notice of FLG's representation of Plaintiff with regard to the Debt, provided Defendant FLG's contact information, and advised Defendant that all future communication with regard to the Debt must cease with Plaintiff and should be directed to FLG's office. Please see attached a true and correct copy of said Initial Letter of Representation (hereinafter, "Initial Letter of Representation") labeled as Exhibit "A1-A2."

18.     On or about March 17, 2014, FLG received an undated letter from Defendant, in

3

which Defendant acknowledged receiving FLG's Initial Letter of Representation referenced immediately-above. Defendant, the primary creditor, advised FLG to have Plaintiff contact Defendant directly, despite Plaintiff's representation by FLG.  Please see attached a true and correct copy of said letter labeled as Exhibit "B1."

19.   On or about March 19, 2014, FLG sent Defendant a second letter, in which FLG again advised Defendant of FLG's representation of Plaintiff with regard to the Debt and again advised Defendant that all direct communication with Plaintiff with regard to the Debt must cease and should be directed to FLG's office (hereinafter, "Second Letter of Representation"). Please see attached a true and correct copy of said Second Letter of Representation labeled as Exhibit "C1."

20.   On or about April 8, 2014, Defendant sent a letter acknowledging receipt of FLG's Second Letter of Representation.  Defendant further stated that "as the primary creditor, Club Land'Or will begin trying to collect on this debt."  Please see attached a true and correct copy of said letter labeled as Exhibit "D1."

21.   On or about April 18, 2014, FLG sent Defendant a letter stating that any attempt to collect the Debt directly from Plaintiff might constitute violations of the Fair Debt Collection Practices Act and/or other applicable state statutes.  Please see attached a true and correct copy of said letter labeled as Exhibit "E1."

22.   On or about May 6, 2014, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant sent Plaintiff a collection letter directly in an attempt to collect the Debt.  Please see attached a true and correct copy of said collection letter labeled as Exhibit "F1."

23.   On or about May 16, 2014, Defendant sent FLG a letter stating that Defendant, "employees [sic] a team of individuals who call on accounts that are past due," that Plaintiff is

"extremely delinquent," and that Defendant is exempt from the Fair Debt Collection Practices Act. Please see attached a true and correct copy of said letter labeled as Exhibit "G1."

24.     On or about May 30, 2014 FLG sent Defendant a letter stating that Plaintiff was not provided a fully-executed copy of the contract agreement, that Plaintiff was denied benefits secured by her contract when her account was current, and that Defendant violated its fiduciary duty under the Bahamas Vacation and Time-Sharing Act, Chapter 141.27. Please see attached a true and correct copy of said letter labeled as Exhibit "H1."

25.     The immediately-aforementioned letter again provided Defendant with actual knowledge of FLG's representation of Plaintiff with regard to the Debt and again provided FLG's contact information.

26.     On or about June 27, 2014, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant sent Plaintiff a collection letter directly in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "I1."

27.     On or about August 12, 2014, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant sent Plaintiff a collection letter directly in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "J1."

28.     On or about October 1, 2014, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant sent Plaintiff a collection letter directly in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "K1."

29.     On or about October 31, 2014, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information,

5

Defendant sent Plaintiff a collection letter directly in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "L1."

30.     On or about January 7, 2015, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant sent Plaintiff a collection letter directly in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "M1."

31.     On or about January 22, 2015, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant sent Plaintiff a collection letter directly in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "N1-N2."

32.     At no time herein did Defendant have Plaintiff's prior express consent to place calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

33.     Additionally, if Defendant contends the below-referenced telephone calls were made for "informational purposes only," Defendant nonetheless lacked the required prior express written consent necessary to make such informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

34.     Defendant called Plaintiff's Cellular Telephone *at least* twenty-five (25) times between February, 2014 and April, 2015. *At least* twenty-four (24) of said calls were placed after Defendant received and acknowledged FLG's representation of Plaintiff with regard to the Debt.

35.     On or about May 9, 2014, at approximately 2:11 p.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone from telephone number 804.436.8200 attempting to collect the Debt. During said call, Plaintiff spoke with

6

Defendant's representative "Vicky," who acknowledged that Defendant knew of FLG's representation of Plaintiff.

36. On or about May 19, 2014, at approximately 1:58 p.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the Debt. The call was placed from telephone number 804.436.8200. During said call, Defendant's representative "Vicky" left a voicemail attempting to collect the Debt.

37. On or about May 19, 2014, at approximately 2:09 p.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone in an attempt to collect the Debt. The call was placed from telephone number 804.436.8200.

38. On or about May 21, 2014, at approximately 4:16 p.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the debt. The call was placed from telephone number 1.800.552.2839 ext. 2236. During said call, Plaintiff spoke with Defendant's representative "Vicky."

39. On or about May 30, 2014, at approximately 1:21 p.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the Debt. The call was placed from telephone number 804.436.8200. During said call, Defendant's representative "Vicky" left a voicemail attempting to collect the Debt.

40. On or about June 10, 2014, at approximately 1:33 p.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect

the debt. Further, Defendant's employee or representative "Vicky" left a voicemail and advised that Defendant was sending Plaintiff's account to Defendant's legal department. The call was placed from telephone number 804.436.8200.

41.    On or about July 1, 2014, at approximately 3:45 p.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the Debt.  The call was placed from telephone number 804.436.8200.  During said call, Defendant's representative "Vicky" left a voicemail attempting to collect the Debt.

42.    On or about July 8, 2014, at approximately 9:56 a.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the debt.  The call was placed from telephone number 804.436.8200.  During said call, Defendant's representative "Vicky" left a voicemail attempting to collect the Debt.

43.    On or about July 12, 2014, at approximately 10:38 a.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the Debt.  The call was placed from telephone number 804.436.8200.  During said call, Defendant's representative "Vicky" left a voicemail attempting to collect the Debt.

44.    On or about August 11, 2014, at approximately 3:51 p.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant again called Plaintiff's Cellular Telephone from telephone number 804.436.8200.

45.    On or about August 14, 2014, at approximately 10:14 a.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and

possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the Debt. The call was placed from telephone number 804.436.8200. During said call, Defendant's representative "Vicky" left a voicemail attempting to collect the Debt.

46.   On or about September 8, 2014, at approximately 11:27 a.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the Debt. The call was placed from telephone number 804.436.8200. During said call, Defendant's representative "Vicky" left a voicemail threatening legal action against Plaintiff.

47.   On or about September 19, 2014, at approximately 1:32 p.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone from telephone number 804.436.8200.

48.   On or about September 19, 2014, at approximately 1:33 p.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone from telephone number 804.436.8200.

49.   On or about September 25, 2014, at approximately 11:24 a.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the Debt. The call was placed from telephone number 804.436.8200. During said call, Defendant's representative "Vicky" left a voicemail attempting to collect the Debt.

50.     On or about October 9, 2014, at approximately 12:59 p.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the Debt.   The call was placed from telephone number 804.436.8200. During said call, Defendant's representative "Vicky" left a voicemail attempting to collect the Debt.

51.     On or about October 23, 2014, at approximately 10:01 a.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the Debt. The call was placed from telephone number 1.800.552.2839 ext. 2334. During said call, Defendant's representative "Vicky" left a voicemail attempting to collect the Debt.

52.     On or about October 28, 2014, at approximately 10:19 a.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the Debt.   The call was placed from telephone number 1.800.552.2839. During said call, Defendant's representative "Vicky" left a voicemail attempting to collect the Debt.

53.     On or about November 10, 2014, at approximately 8:47 a.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the Debt.   The call was placed from telephone number 1.800.552.2839. During said call, Defendant's representative "Vicky" left a voicemail attempting to collect the Debt.

54.     On or about November 14, 2014, at approximately 1:14 p.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the Debt.   The call was placed from telephone number 1.800.552.2839. During said call, Defendant's representative "Vicky" left a voicemail threatening legal action against Plaintiff.

55.     On or about November 21, 2014, at approximately 10:50 a.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the Debt.   The call was placed from telephone number 804.346.8200. During said call, Defendant's representative "Valerie" left a voicemail attempting to collect the Debt.

56.     On or about November 22, 2014, at approximately 11:46 a.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the Debt.   During said call, Plaintiff spoke with Defendant's representative "Valerie" and informed her that Plaintiff was represented by FLG.   Defendant's representative "Valerie," however, refused to take FLG's contact information.   The call was placed from telephone number 804.346.8200.

57.     On or about December 4, 2014, at approximately 3:16 p.m. EST, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the Debt.   The call was placed from telephone number 804.346.8200. During said call, Defendant's representative "Vicky" left a voicemail attempting to collect the

11

Debt.

58.     On or about April 21, 2015, despite possessing actual knowledge of FLG's representation of Plaintiff with regard to the Debt and possessing FLG's contact information, Defendant called Plaintiff's Cellular Telephone attempting to collect the Debt. The call was placed from telephone number 804.346.8200. During said call, Defendant's representative "Amber" left a voicemail threatening legal action against Plaintiff.

59.     Plaintiff has retained FLG and Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter, "Undersigned Counsel") for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

60.     As a direct result of Defendant's actions, Plaintiff has suffered severe stress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that the hiring of an attorney for representation with regard to the Debt was wholly ineffective, that Plaintiff's dispute of the Debt was wholly ineffective, and that the frequent, repeated debt collection attempts would simply have to be endured.

61.     Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

62.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

63.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in

willful or knowing violation of the TCPA or the regulations proscribed thereunder.

64.     At all times herein, it would have been possible for Defendant to avoid violating the terms of the TCPA.

65.     Defendant's telephone calls were made to Plaintiff's Cellular Telephone using an automatic dialing system or an artificial or pre-recorded voice were made in willful and knowing violation of the TCPA.

66.     As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)**

Plaintiff re-alleges paragraphs one (1) through sixty-six (66) as if fully restated herein and further states as follows:

67.     Defendant is subject to, and has violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

68.     Specifically, Defendant possessed actual knowledge of FLG's legal representation of Plaintiff with regard to the Debt and possessed actual knowledge of FLG's contact information.

69.     Despite the above-referenced knowledge, Defendant called Plaintiff's Cellular Telephone *at least* twenty-four (24) times in an attempt to collect the Debt and sent Plaintiff *at least* seven (7) collection letters directly in an attempt to collect the Debt.

70.     Defendant's conduct intended to abuse and harass Plaintiff by leading Plaintiff to believe that, despite Plaintiff invoking her consumer rights and retaining legal counsel with

13

regard to the Debt, and despite Defendant lacking Plaintiff's prior express consent, Defendant could and would continue its unlawful collection attempts until the Debt was paid.

71.     As such, Defendant has violated Florida Statutes, Section 559.72(7) by engaging in conduct that can reasonably be expected to abuse and harass Plaintiff while attempting to collect the Debt.

72.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)**

Plaintiff re-alleges paragraphs one (1) through sixty-six (66) as if fully restated herein and further states as follows:

73.     Defendant is subject to, and has violated the provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating with Plaintiff after receiving actual notice that Plaintiff was represented by counsel with regard to the underlying Debt.

74.     Specifically, Defendant repeatedly received actual notice of FLG's representation of Plaintiff with regard to the Debt and possessed actual knowledge of FLG's contact information.

75.     Despite the above-referenced knowledge, Defendant called Plaintiff's Cellular Telephone *at least* twenty-four (24) times in an attempt to collect the Debt and sent Plaintiff *at least* seven (7) collection letters directly in an attempt to collect the Debt.

76.     As such, Defendant violated Florida Statutes, Section 559.72(18) by communicating with a known represented party when attempting to collect the Debt.

77.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

14

**COUNT THREE:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**NEGLIGENT VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through sixty-six (66) as if fully restated herein and further states as follows:

78.     Defendant is subject to, and has violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

79.     At no time did Defendant have Plaintiff's prior express consent to place calls to Plaintiff's Cellular Telephone.

80.     If Defendant contends it possessed Plaintiff's prior express consent to call Plaintiff's Cellular Telephone, such consent was revoked by FLG's Initial Letter of Representation, which advised Defendant of FLG's representation of Plaintiff with regard to the Debt, provided FLG's contact information, and further advised that all future communication with regard to the Debt must cease with Plaintiff and should be directed to FLG's office.

81.     Additionally, if Defendant contends such calls were made for "informational purposes only," Defendant nonetheless lacked the required prior express consent necessary to make such informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or APV.

82.     Despite lacking Plaintiff's prior express consent, Defendant called Plaintiff's Cellular Telephone *at least* twenty-four (24) times using an ATDS, a PTDS, or an APV in an attempt to collect the Debt

83.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered:

      a.     The periodic loss of her Cellular Telephone service; and

b.       The expenditure of costs and attorney's fees associated with the

prosecution of this matter, along with other damages which have been lost;

## COUNT FOUR:
## TELEPHONE CONSUMER PROTECTION ACT-
### WILLFUL VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through sixty-six (66) as if fully restated herein and further states as follows:

84.     Defendant is subject to, and has willfully and knowingly violated the provisions of, 47 United States Code, Section 227(b)(1)(A) by using an ATDS, PTDS, or an APV to call Plaintiff's Cellular Telephone without Plaintiff's prior express consent.

85.     At no time did Defendant possess Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

86.     If Defendant contends it possessed Plaintiff's prior express consent, such consent was revoked by FLG's Initial Letter of Representation, which advised Defendant of FLG's representation of Plaintiff with regard to the Debt, provided FLG's contact information, and further advised that all future communication with regard to the Debt must cease with Plaintiff and should be directed to FLG's office.

87.     Furthermore, by sending Defendant the Second Letter of Representation and additional communications, FLG repeatedly advised Defendant of FLG's representation of Plaintiff with regard to the Debt, repeatedly provided Defendant with FLG's contact information, and repeatedly advised Defendant that all future communication with regard to the Debt must cease with Plaintiff and should be directed to FLG's office.

88.     Despite lacking Plaintiff's prior express consent, and despite FLG's repeated communications, Defendant called Plaintiff's Cellular Telephone *at least* twenty-four (24) times using an ATDS, a PTDS, or an APV in an attempt to collect the Debt

16

89.     As prior express consent never existed, or was revoked prior to Defendant's placement of calls to Plaintiff's Cellular Telephone, Defendant's calls constitute numerous and multiple knowing and/or willful violations of the TCPA.

90.     As such, each of Defendant's calls made to Plaintiff's Cellular Telephone using an ATDS, PTDS, or an APV were knowingly, willfully, and consciously made in violation of the TCPA.

**COUNT FIVE:**
**DECLARATORY AND INUNCTIVE RELIEF**

Plaintiff re-alleges paragraphs one (1) through sixty-six (66) as if fully restated herein and further states as follows:

91.     Unless the Defendant is immediately enjoined from continuing to collect the Debt directly from Plaintiff, Plaintiff will suffer irreparable injury.

92.     Given Defendant's conduct, and its apparent intention and ability to continue to collect the Debt directly from Plaintiff in violation of said debt collection laws, Plaintiff has no adequate remedy at law.

93.     Plaintiff needs and is entitled to injunctive relief.

94.     The requested injunction is reasonably necessary to protect the legal rights of Plaintiff and will have no adverse effect on the public welfare.

**PRAYER FOR RELIEF**

**WHEREFORE,** as a direct and proximate result of the Defendant's conduct, Plaintiff respectfully requests against Defendants entry of:

a.      Judgment against Defendant declaring that Defendant violated the FCCPA and the TCPA;

17

b.      Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

c.      Judgment against Defendant for actual damages pursuant to the FCCPA in an amount to be determined at trial;

d.      Judgment against Defendant for punitive damages pursuant to the FCCPA in an amount to be determined at trial;

e.      Judgment against Defendant enjoining Defendant from continuing conduct that violates the FCCPA and the TCPA;

f.      Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

g.      Judgment against Defendant for treble statutory damages in an additional amount of up to $1,000.00 for each of Defendant's telephone calls that violated the TCPA for which Defendant acted knowingly and/or willingly;

h.      Judgment for an award of reasonable attorneys' fees and costs; and

i.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully Submitted,

LEAVENLAW

/s/ Aaron M. Swift

□ **Ian R. Leavengood, Esq., FBN 0010167**
[X] **Aaron M. Swift, Esq., FBN 093088**
□ **Gregory H. Lercher, Esq., FBN 106991**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
*Attorneys for Plaintiff*

and

**FINN LAW GROUP, P.A.**
**Michael D. Finn, Esq., FBN 0089029**
**Patrick Kennedy, Esq. FBN 0097973**
10720 72nd Street, Suite 305
Largo, FL 33777
Phone: (727) 214-0700
Fax: (727) 475-1494
pleadings@finnlawgroup.com
michaeldfinn@finnlawgroup.com
patrick@finnlawgroup.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA             )
                                        )

COUNTY OF OSCEOLA         )

Plaintiff Joan Elsebough, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations

 

Joan Elsebough

Subscribed and sworn to before me this 12 day of May, 2015

Notary Public

My Commission Expires:

Proof of I.D : FL · E421·493·58·916·0


KIMBERLEE H. EVERSON
MY COMMISSION # EE 142568
EXPIRES: February 24, 2015
Bonded Thru Budget Notary Services

18